# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

JERMAINE HICKS,             *

Plaintiff                    *

v.                         *          Civil Action No.WMN-12-3494

MARTIN O'MALLEY, et al.,     *

Defendants             *

*** 

## MEMORANDUM OPINION

Plaintiff Jermaine Hicks ("Hicks") filed the above-captioned Complaint pursuant to 42 U.S.C. § 1983.  Defendants Commissioner of Correction J. Michael Stouffer, Warden Marion E. Tuthill, Adjustment Hearing Officer David Barthlow, and Correctional Officer Tamika Brown, by their attorneys have filed a Motion to Dismiss or for Summary Judgment.  ECF No. 11.  Plaintiff has not filed a response.[1]  After review of the pleadings, and applicable law, the Court determines that a hearing is unwarranted.  *See* Local Rule 105.6 (D. Md. 2011).  For the reasons that follow, Defendants' Motion to Dismiss or for Summary Judgment will be GRANTED.

## Background

Hicks, a former detainee at the Baltimore City Detention Center, alleges that on  October 15, 2012, he was placed on disciplinary segregation and his right to due process violated when he did not receive a timely hearing as required under the Maryland Code of Regulations.  Plaintiff

---

[1]Pursuant to the dictates of *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), on May 21, 2013, Plaintiff was notified that Defendants had filed a dispositive motion, the granting of which could result in the dismissal of his action.  ECF No. 12. Plaintiff was also informed that he was entitled to file materials in opposition to that Motion within seventeen (17) days from the date of that letter and that his failure to file a timely or responsive pleading or to illustrate, by affidavit or the like, a genuine dispute of material fact, could result in the dismissal of his case or in the entry of summary judgment without further notice of the Court. *Id.*

further alleges that the conditions of confinement on disciplinary segregation are "inhumane" and that he has been denied out of cell recreation, legal telephone calls, regular telephone calls, and visits. Additionally, he claims that he has been forced to take cold showers or wash up in a sink or sanitation closet. Plaintiff also claims that his cell is rodent and bug infested, there is mold on the tier, and the cell walls are falling apart. ECF Nos. 1 & 4.

## Standard of Review

A.     Motion To Dismiss

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b) (6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999). The dismissal for failure to state a claim upon which relief may be granted does not require defendant to establish "beyond doubt" that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561-62 (2007). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id.* at 562. The court need not, however, accept unsupported legal allegations, *see Revene v. Charles County Comm'rs,* 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *see Papasan v. Allain,* 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *see United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

In reviewing the complaint in light of a motion to dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6) the court accepts all well-pleaded allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005); *Ibarra v. United States,* 120 F.3d 472, 473 (4th Cir. 1997); *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S.662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, at 678. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed.R.Civ.P. 8(a)(2)).

B.      Summary Judgment

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc*., 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc*., 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw

all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc*., 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

In *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986) the Supreme Court explained that in considering a motion for summary judgment, the "judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. at 248. Thus, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id*. at 252.

The moving party bears the burden of showing that there is no genuine issue as to any material fact. No genuine issue of material fact exists if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have the burden of proof. *See Celotex Corp.*, 477 U.S. at 322-23. Therefore, on those issues on which the nonmoving party has the burden of proof, it is his or her responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.

### Analysis

The Court must first examine Defendants' assertion that the case should be dismissed in

its entirety due to Plaintiff's failure to exhaust available administrative remedies. The Prison Litigation Reform Act ("PLRA") generally requires a prisoner plaintiff to exhaust administrative remedies before filing suit in federal court. 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The Supreme Court has interpreted the language of this provision broadly, holding that the phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Thus, the exhaustion provision plainly extends to Plaintiff's allegations and his Complaint must be dismissed, unless he can show that he has satisfied the administrative exhaustion requirement under the PLRA or that Defendants have forfeited their right to raise non-exhaustion as a defense. *See Chase v. Peay*, 286 F. Supp. 2d 523, 528 (D. Md. 2003).

The PLRA's exhaustion requirement is designed so that prisoners pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process. *Chase*, 582 F. Supp. 2d at 530; *Gibbs v. Bureau of Prisons*, 986 F. Supp. 941, 943-44 (D. Md. 1997) (dismissing a federal prisoner's lawsuit for failure to exhaust, where plaintiff did not appeal his administrative claim through all four stages of the BOP's grievance process); *Booth v. Churner*, 532 U.S. 731, 735 (2001) (affirming dismissal of prisoner's claim for failure to exhaust where he "never sought intermediate or full administrative review after prison authority denied relief"); *Thomas v. Woolum*, 337 F.3d 720, 726 (6th Cir. 2003) (noting that a prisoner must appeal administrative rulings "to the highest possible administrative level"); *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (prisoner must

follow all administrative steps to meet the exhaustion requirement, but need not seek judicial review).

BCDC provides a four step grievance process. ECF No. 11, Ex. A. The detainee is to file a complaint within 15 calendar days of the incident on a Resident Complaint Form. The Resident Grievance Office has 20 days in which to respond. Step II of the process provides that the detainee may file a Motion for Grievance Committee. Step III allows for a Motion to Appeal to Warden to be filed within 3 days of the decision rendered in Step II. Step IV directs the detainee to file a Motion for Appeal to the Assistant Commissioner within 3 days of the receipt of the Step III decision. *Id*.

On January 30, 2013, Plaintiff filed a grievance against staff requesting renewal of prescription medicines. *Id*. There is no record that Plaintiff filed any other grievances. *Id*. Plaintiff has offered no explanation for his failure to initiate or exhaust the grievance process regarding the claims before this court. The Fourth Circuit has held that, "[b]ecause the PLRA does not define ["available"], courts have generally afforded it its common meaning; thus, an administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." *Moore v. Bennette,* 517 F.3d 717, 725 (4th Cir. 2008). While Defendants must plead and prove Plaintiff's failure to exhaust, *Anderson v. XYZ Correctional Health Servs.,* 407 F.3d 674, 676 (4th Cir.2005), courts have also recognized that, where the existence of a grievance procedure covering the inmate plaintiff is established, the burden to show that such procedure was actually unavailable rests with the plaintiff. *See, e.g., Graham v. Gentry,* 413 F. Appx 660, 663 (4th Cir. 2011) ("in order to show that a grievance procedure was not 'available,' a prisoner must adduce facts showing that he was prevented, through no fault of his own, from availing himself of that procedure."). Defendants have shown

that a procedure existed, Plaintiff was aware of the procedure, and Plaintiff did not utilize it. Thus, in order to survive Defendants' dispositive motion, Plaintiff must at least plausibly allege that the existing procedure was not available to him because facility administrators prevented him from using it. Plaintiff has failed to do so and his complaint is subject to dismissal.

For the aforementioned reasons, the Defendants' Motion, construed as a Motion for Summary Judgment, shall be granted. A separate Order follows.


_____/s/_____
William M. Nickerson
Senior United States District Judge


August 26, 2013